IN RE INTEREST OF S.A.S., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, v. V.S., APPELLANT.

363 N.W.2d 546

Filed March 8, 1985.   No. 84-370.

Steven Lefler and Jerry Fogarty, for appellant.

Donald L. Knowles, Douglas County Attorney, and Christopher E. Kelly, for appellee.

Pamela Hogenson Govier of Frost & Meyers, guardian ad litem.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from an order of the the separate juvenile court of Douglas County terminating the parental relationship of S.A.S., a female child born December 7, 1980, to V.S., the natural mother.

In June 1982 the police were notified of a case of possible child neglect through a call to the department's child abuse hotline. The police called the case to the attention of juvenile authorities from Child Protective Services, who upon investigation discovered that the child, S.A.S., then approximately 18 months old, was living with the mother and her husband in the cab of a truck. The husband was employed by a carnival as a driver and a ride operator. When found, S.A.S. exuded a strong body odor and suffered from severe diaper rash, but was otherwise in good health. The mother had been asked to leave the carnival and voluntarily surrendered temporary custody of S.A.S. It was the mother's plan to travel to California, but she had neither funds to accomplish the journey nor a prospective place of residence when she arrived. The husband, although not the child's natural father, expressed an interest in S.A.S. but did not possess sufficient means to care for her.

On July 7, 1982, a petition was filed alleging that S.A.S. was a juvenile who had not been provided necessary financial support and residence. The petition further alleged that S.A.S. had been left alone without supervision for prolonged periods in potentially dangerous situations and, further, that S.A.S. had been offered and given to strangers. A supplemental

petition was filed in September 1982 to further allege that the mother had absented herself from the jurisdiction and that the authorities did not know her whereabouts.

An adjudication hearing was held on November 10, 1982, and the facts alleged in the petition were found to be true. Prayer for termination of parental rights was taken under advisement. The mother was subsequently ordered by the court to participate in a plan of rehabilitation involving the securing of employment or job training, counseling, completion of parenting classes, and the establishment of a permanent residence. After numerous review hearings a request for termination was filed. At the conclusion of a hearing held on March 26, 1984, the mother's parental rights were terminated. S.A.S. had been in foster care for almost 2 years.

The mother appeals. As her assignment of error, she alleges error in the receipt of evidence relating to the charges of leaving the child unattended and offering the child to others. We review the matter de novo upon the record to determine if the order terminating parental rights is supported by clear and convincing evidence. *In re Interest of D.R. and S.B.*, 217 Neb. 883, 351 N.W.2d 424 (1984).

The assigned error relates only to the finding of neglect. As clear and convincing evidence exists apart from the disputed evidence to establish that fact, the alleged error will not be further discussed except to note that it relates to receipt into evidence of written reports of social workers who in many cases were present in court and not called to testify. The basis for the court's ruling is not explained in the record, nor is authority cited for the curious proposition in the bill of exceptions that the rules of evidence do not apply to termination cases.

Instead, we are again presented with the situation of a failed plan of rehabilitation. After 2 years of counseling, aid, and advice, the mother is not prepared to provide even the most minimally stable environment for the child. The mother (whether now divorced or not) lived with three different men, the criterion seeming to be whether they would provide for her. Successive jobs were secured and left, and false reports were made to the court representatives. At the time of the termination hearing, except for fairly regular visits to S.A.S.,

the rehabilitation plan was a failure and in a shambles.

The mother is not a vicious person, nor was she cruel to her daughter. She is simply unable or unwilling to take any responsibility. To release S.A.S., the child, to the mother's catch-as-you-can nomadic life is unthinkable, and to sentence her to a lifetime of foster care is equally unthinkable.

We have previously said that children cannot be made to await uncertain parental maturity. *State v. Souza-Spittler*, 204 Neb. 503, 283 N.W.2d 48 (1979). That statement remains the law in this state.

AFFIRMED.